# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DENNIS M. WOLFEL,**

    Petitioner,

v.

**DEB TIMMERMAN-COOPER, et al.,**

    Respondent.

**CASE NO. 2:07-cv-1079**
**JUDGE FROST**
**MAGISTRATE JUDGE KEMP**

## OPINION AND ORDER

On December 10, 2008, the Magistrate Judge issued an *Order and Report and Recommendation* denying petitioner's request for an evidentiary hearing and recommending dismissal of the instant habeas corpus petition. Petitioner has filed objections to the Magistrate Judge's recommendations. Petitioner objects to all of the Magistrate Judge's *Order and Report and Recommendation* and again raises all of the same arguments he previously presented. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's purported factual finding that petitioner had only been denied parole seven times; however, the Magistrate Judge indicates that petitioner states he had been denied parole on twelve occasions, and the *Report and Recommendation* does not suggest that petitioner is contesting only seven decisions of the parole board. *Report and Recommendation* at 6-7.

Petitioner objects to the Magistrate Judge's conclusion that his claims relating to the parole board's alleged improper denial of parole between 1983 and 2005 are barred by the one-year statute of limitations under 28 U.S.C. 2244(d). Petitioner asserts that equitable tolling of the statute of limitations is appropriate as to these claims because state officials interfered with his ability to pursue relief by promising to release him if he withdrew his grievances or litigation against them. Petitioner further asserts that extraordinary circumstances justify equitable tolling of the statute of limitations because his sentence is more severe than other inmates convicted of similar or more serious offenses due to alleged retaliation by prison officials and "evolving standards of decency," *Objections*, at 2. For the reasons detailed by the Magistrate Judge, this Court is unpersuaded by petitioner's arguments. Nothing in the record reflects that state or prison officials prevented petitioner from pursuing his claims or that equitable tolling of the statute of limitations is appropriate.

Petitioner objects to the Magistrate Judge's conclusion that the continuing violation doctrine is inapplicable. Petitioner again argues at length that his claims are timely under the continuing violation doctrine because the parole board repeatedly denied him parole on varying pretextual grounds, but with the same retaliatory motivation. Again, this argument is not persuasive. As noted by the Magistrate Judge, courts have been reluctant to apply the continuing violation doctrine outside of Title VII, *see LRL Props. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 N.3 (6th Cir. 1995), and petitioner has referred to no authority supporting his argument that such doctrine should apply in these habeas corpus

proceedings.

Petitioner objects to the Magistrate Judge's indication that "all of petitioner's claims may be time-barred." *Report and Recommendation*, at 18. However, the Magistrate Judge then went on to dismiss the remainder of petitioner's claims on the merits.

Finally, petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims on the merits as well as the denial of his request for an evidentiary hearing. Petitioner again argues at length that the parole board's refusal to grant him release on parole violates the Eighth Amendment, due process, and the Equal Protection Clause.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the Magistrate Judge's *Order and Report and Recommendation*. The Court has carefully reviewed the entire record, as well as all of the arguments presented by petitioner. For the reasons detailed in the Magistrate Judge's *Order and Report and Recommendation*, this Court likewise concludes that petitioner has failed to establish that he is entitled to habeas corpus relief. Petitioner's objections therefore are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

　/s/  Gregory  L.  Frost　
GREGORY L. FROST
United States District Judge